# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MID-AMERICA CARPENTERS REGIONAL COUNCIL et al.,  )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>JEFFERSON CONTRACTING, LLC  )<br>)<br>)<br>Defendant.  ) | Case No. 4:25-cv-01756-JMD<br><br>**JURY TRIAL DEMANDED** |

## ANSWER, AFFIRMATIVE, AND ADDITIONAL DEFENSES

COMES NOW Defendant Jefferson Contracting, LLC, by its undersigned counsel, and for its Answer to Plaintiffs' Complaint herein, states as follows:

1. Defendant admits that Plaintiffs purport to invoke jurisdiction and venue in this Court pursuant to the identified statutes. Further answering, Defendant states that the identified statutes are the best evidence of the terms set forth therein, and Defendant denies the allegations in Paragraph 1 to the extent inconsistent therewith. Defendant denies any remaining allegations set forth in Paragraph 1.

2. Paragraph 2 sets forth legal conclusions and argument to which no response is required. To the extent that a response is required, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 2 and, therefore, denies the same.

3. Paragraph 3 sets forth legal conclusions and argument to which no response is required. To the extent that a response is required, Defendant is without sufficient information

1

or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 3 and, therefore, denies the same.

4. Paragraph 4 sets forth legal conclusions and argument to which no response is required. To the extent that a response is required, Defendant admits that it is a Missouri limited liability company and that it conducts business in this judicial district. Defendant denies any remaining allegations set forth in Paragraph 4.

5. Paragraph 5 sets forth legal conclusions and argument to which no response is required. To the extent that a response is required, Defendant is without sufficient information or knowledge as to "the Agreement" referenced, but not identified in this Paragraph and not attached to the Complaint, to form a belief as to the truth of the allegations set forth in Paragraph 5 and, therefore, denies the same. Further answering, to the extent Plaintiff is referencing a written agreement, the written agreement is the best evidence of the terms set forth therein, and Defendant denies the allegations in Paragraph 5 to the extent inconsistent therewith. Defendant denies any remaining allegations set forth in Paragraph 5.

6. Paragraph 6 sets forth legal conclusions and argument to which no response is required. To the extent that a response is required, Defendant is without sufficient information or knowledge as to "the Agreement" referenced, but not identified in this Paragraph and not attached to the Complaint, to form a belief as to the truth of the allegations set forth in Paragraph 6 and, therefore, denies the same. Further answering, to the extent Plaintiff is referencing a written agreement, the written agreement is the best evidence of the terms set forth therein, and Defendant denies the allegations in Paragraph 6 to the extent inconsistent therewith. Defendant denies any remaining allegations set forth in Paragraph 6.

4928-0857-0509, v. 2

7. Paragraph 7 sets forth legal conclusions and argument to which no response is required. To the extent that a response is required, Defendant is without sufficient information or knowledge as to "the Agreement" referenced, but not identified in this Paragraph and not attached to the Complaint, to form a belief as to the truth of the allegations set forth in Paragraph 7 and, therefore, denies the same. Further answering, to the extent Plaintiff is referencing a written agreement, the written agreement is the best evidence of the terms set forth therein, and Defendant denies the allegations in Paragraph 7 to the extent inconsistent therewith. Defendant denies any remaining allegations set forth in Paragraph 7.

8. Paragraph 8 sets forth legal conclusions and argument to which no response is required. To the extent that a response is required, Defendant is without sufficient information or knowledge as to "the Agreement" referenced, but not identified in this Paragraph and not attached to the Complaint, to form a belief as to the truth of the allegations set forth in Paragraph 8 and, therefore, denies the same. Further answering, to the extent Plaintiff is referencing a written agreement, the written agreement is the best evidence of the terms set forth therein, and Defendant denies the allegations in Paragraph 8 to the extent inconsistent therewith. Defendant denies any remaining allegations set forth in Paragraph 8.

9. Paragraph 9 sets forth legal conclusions and argument to which no response is required. To the extent that a response is required, Defendant is without sufficient information or knowledge as to "the Agreement" referenced, but not identified in this Paragraph and not attached to the Complaint, to form a belief as to the truth of the allegations set forth in Paragraph 9 and, therefore, denies the same. Further answering, to the extent Plaintiff is referencing a written agreement, the written agreement is the best evidence of the terms set forth therein, and

Defendant denies the allegations in Paragraph 9 to the extent inconsistent therewith.  Defendant denies any remaining allegations set forth in Paragraph 9.

10. Paragraph 10 sets forth legal conclusions and argument to which no response is required.  To the extent that a response is required, Defendant is without sufficient information or knowledge as to "the Agreement" referenced, but not identified in this Paragraph and not attached to the Complaint, to form a belief as to the truth of the allegations set forth in Paragraph 10 and, therefore, denies the same.  Further answering, to the extent Plaintiff is referencing a written agreement, the written agreement is the best evidence of the terms set forth therein, and Defendant denies the allegations in Paragraph 10 to the extent inconsistent therewith.  Defendant denies any remaining allegations set forth in Paragraph 10.  Defendant specifically denies that any amounts claimed by Plaintiffs are due and/or owing.

11. Paragraph 11 sets forth legal conclusions and argument to which no response is required.  To the extent that a response is required, Defendant is without sufficient information or knowledge as to "the collective bargaining agreements" referenced, but not identified in this Paragraph and not attached to the Complaint, to form a belief as to the truth of the allegations set forth in Paragraph 11 and, therefore, denies the same.  Further answering, to the extent Plaintiff is referencing any written agreement, the written agreements are the best evidence of the terms set forth therein, and Defendant denies the allegations in Paragraph 11 to the extent inconsistent therewith.  Defendant denies any remaining allegations set forth in Paragraph 11.  Defendant specifically denies that it has breached any collective bargaining agreements.

12. Denied.

4928-0857-0509, v. 2

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant prays that this Court dismiss Plaintiffs' Complaint, award Defendant its costs incurred herein, and for such other and further relief as this Court deems just and proper under the circumstances.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1.	Plaintiffs' Complaint should be dismissed for failure to state a claim. It is Plaintiffs' burden to state a claim and to demonstrate that a claim has been stated. Defendant does not believe that Plaintiffs have adequately alleged the elements of their claims and/or that the allegations actually state or support a cognizable claim against Defendant under the law and facts.

2.	Plaintiffs' claims fail and/or are barred in that Plaintiffs fail to attach the agreement(s) upon which Plaintiffs' claims are based and/or have failed to adequately describe the same with sufficient particularity.

3.	Plaintiffs' claims fail and/or are barred to the extent that Plaintiffs failed to mitigate their damages, if any.

Defendant reserves the right to seek leave of the Court to add any additional defenses which may be discovered as this litigation progresses.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant prays that this Court dismiss Plaintiffs' Complaint, award Defendant its costs incurred herein, and for such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

**ROSENBLUM GOLDENHERSH, P.C.**

BY:   /s/ Theresa A. Phelps
John J. Gazzoli, Jr., #24781MO

5

Theresa A. Phelps, #55023MO
7733 Forsyth Blvd., 4th Floor
St. Louis, MO 63105
(314) 726-6868
(314) 726-6786 (facsimile)
jgazzoli@rosenblumgoldenhersh.com
tphelps@rosenblumgoldenhersh.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the following via operation of the Court's electronic filing system on this 6th day of February, 2026:

Greg A. Campbell
Hammond and Shinners, P.C.
13205 Manchester Rd., Suite 210
St. Louis, MO 63131

                                                            /s/  Theresa A. Phelps